## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| **DONNIE LEE ECKLES,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )     **Civil Action Number:** |
| | )     **3:10-cv-2173-RDP-PWG** |
| **WARDEN D.J. WISE and the ATTORNEY** | ) |
| **GENERAL OF THE STATE OF ALABAMA** | ) |
| | ) |
| **Respondent.** | ) |

## MEMORANDUM OPINION

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254 by an Alabama state prisoner, Donnie Lee Eckles ("Petitioner" or "Eckles"), *pro se*, who is confined at the St. Clair Correctional Facility in Springville, Alabama, where he is currently serving a sentence of life imprisonment without the possibility of parole, pursuant to the Alabama Habitual Felony Offender Act ("AHFOA"), Ala. Code § 13A-5-9 (1975).   In his *pro se* petition, Eckles challenges the constitutionality of a 1987 Alabama state conviction for theft of property in the second degree that was subsequently used to enhance his current sentence, which was imposed in 1991.   On August 31, 2012, the Magistrate Judge entered a Report recommending that Eckles's petition is due to be dismissed for want of jurisdiction because Eckles previously filed a § 2254 petition attacking the same 1991 judgment and sentence he is now serving.   In that previous challenge, this court denied the petition on the merits, and Eckles acknowledges he does not have an order from the Eleventh Circuit authorizing this court to hear a second § 2254 application, as required under 28 U.S.C. § 2244(b)(3)(A).  (Doc. 6).  Eckles has now filed objections to the Magistrate Judge's Report, which includes a "Motion Requesting Consideration of Additional Facts."  (Doc. 7).

For the reasons that follow, the court concludes this case is due to be dismissed without prejudice for lack of jurisdiction and, at this time, appears to be barred by the statute of limitations.

## I.    BACKGROUND

In 1987, Eckles pled guilty to second degree theft in the Circuit Court of Lauderdale County, Alabama (hereinafter the "1987 conviction"), and was sentenced to five years imprisonment. (Pet. at 2, ¶¶ 3, 5). He did not pursue a direct appeal. (*Id.* at 2, ¶ 8). Eckles asserts that the 1987 conviction was subsequently used to enhance his current life sentence under the AHFOA, based upon another conviction. (*Id.* at 5, ¶ 12(B)). While the specifics of that later conviction are not set forth in the instant petition, the records of this court[1] indicate that Eckles was convicted of robbery in the first degree in the Circuit Court of Colbert County and sentenced to life without parole under the AHFOA on October 10, 1991 (hereinafter the "1991 conviction"), after the state proved that he had five prior felony convictions. (*See Eckles v. Burton, et al.*, 3:94-cv-880-SCP-PWG (hereinafter the "1994 Habeas Case"), Doc. 9, at 3). That is consistent with Eckles' assertion, made in his application to proceed *in forma pauperis*, that he has been "[i]ncarcerated for approximately 2 decades." (Doc. 2 at 1, ¶ 1(b)).

In 1994, Eckles filed a habeas petition in this court pursuant to 28 U.S.C. § 2254, attacking the validity of the 1991 conviction. (1994 Habeas Case, Doc. 1). Specifically, he claimed that the conviction was based upon uncorroborated accomplice testimony and that trial and appellate counsel were constitutionally ineffective in various respects. (*See* 1994 Habeas Case, Docs. 1 & 9). The petition was resolved on the merits. (1994 Habeas Case, Docs. 9, 12). Eckles sought to appeal, but

---

[1] This court may take judicial notice of its own records. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).

was denied a certificate of appealability.  (*Id.*, Docs. 18, 19).

In 2000, Eckles filed a second habeas petition in this court pursuant to § 2254, again seeking to attack the 1991 conviction.  (*Eckles v. Mitchem, et al.*, 3:00-cv-1879-SLB-PWG (the "2000 Habeas Case"), Doc. 1).  That petition was dismissed without prejudice for lack of subject matter jurisdiction on the ground that it was a second or successive § 2254 petition because Eckles had not shown he had first obtained permission from the Eleventh Circuit Court of Appeals to file the second petition.  (*See id.*, Docs. 4, 5); *see also* 28 U.S.C. § 2244(b)(3)(A); *Tompkins v. Secretary, Dep't of Corr.*, 557 F.3d 1257, 1259 (11th Cir. 2009).  Eckles again attempted to appeal, but he was denied permission to do so.  (2000 Habeas Case, Docs. 10, 11, 12).

Eckles alleges that he filed a petition for post-conviction relief pursuant to Rule 32, Ala. R. Crim. P., in the Circuit Court of Lauderdale County, where the 1987 conviction was entered. (Pet. at 3, ¶ 11).  In that petition, Eckles asserted that the circuit court was without jurisdiction to render judgment or impose sentence and that the sentence imposed exceeded the maximum authorized by law.  (*Id.*)  The circuit court denied the Rule 32 petition on May 30, 2008.  (*Id.*)  The petition indicates that Eckles appealed that denial to the Alabama Supreme Court, although it does not state what result was obtained or when.

Eckles then filed the instant petition in this court seeking habeas relief under § 2254.  He asserts two claims, each of which challenges the 1987 conviction.  First, in what may be a claim under the Due Process Clause of the Fourteenth Amendment, Petitioner contends that his guilty plea was "unlawfully induced" in that it was allegedly "coerced" by his appointed counsel, in a manner Petitioner does not otherwise specify.  (Pet. at 5, ¶ 12(A)).  He further claims that his Sixth Amendment rights were violated because his appointed counsel was not present at sentencing. (Pet.

3

at 5, ¶ 12(B)).

## II.    DISCUSSION

A federal district court is authorized to entertain an application for a writ of habeas corpus

filed by a person in custody pursuant to the judgment of a state court on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).

Once a petition is properly filed, the judge assigned to the case "must promptly examine it," and "[i]f

it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

petitioner."  Rule 4 of the Rules Governing Habeas Cases under § 2254.

### A.    The "In Custody" Requirement

"For a federal court to have subject matter jurisdiction over a habeas proceeding, the

petitioner must be 'in custody pursuant to the judgment of a State court.'" *Unger v. Moore*, 258 F.3d

1260, 1263 (11th Cir. 2001) (quoting 28 U.S.C. § 2254 and citing *Maleng v. Cook*, 490 U.S. 488,

490-91 (1989) (per curiam)).  "As such, federal courts normally lack jurisdiction over petitions

which challenge a conviction with a completely expired sentence." *Id.* (citing *White v. Butterworth*,

70 F.3d 573, 574 (11th Cir. 1995), as amended, 78 F.3d 500 (11th Cir. 1996)).  A petitioner is "in

custody," however, when he is incarcerated under a current sentence that has been enhanced by an

expired conviction.  *Id.* (citing *Van Zant v. Florida Parole Comm'n*, 104 F.3d 325, 327 (11th Cir.

1997)).  Nonetheless, even if the defendant is claiming that there was a defect leading to the expired

conviction, he is formally considered to be challenging his *current* sentence, as having been

enhanced by the expired conviction, rather than directly challenging the expired conviction. *See id.*,

258 F.3d at 1263;  *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000); *McCarthy v. United*

4

*States*, 320 F.3d 1230, 1231 n.1 (11th Cir. 2003); *Van Zant*,104 F.3d at 327.

Petitioner challenges the validity of the 1987 conviction.  The sentence related to that conviction, which was only five years, has by its terms expired.  Eckles, however, alleges that he is currently incarcerated at least in part because the 1987 conviction was used as a predicate felony under the AHFOA.  He is "in custody" for purposes of § 2254.  *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001) ("*Lackawanna County*"); *Maleng*, 490 U.S. at 493-94.  In order to meet the "in custody" requirement, however, the instant § 2254 petition must be deemed to be attacking his *current* sentence, imposed by virtue of the 1991 conviction, as having been enhanced by the 1987 conviction, rather than as attacking his 1987 conviction directly.  *See Unger*, 258 F.3d at 1263; *Means*, 209 F.3d at 1242.

### B.      Permission to File a "Second or Successive" Petition

Once a defendant has filed one § 2254 petition attacking a state court judgment, it has been denied with prejudice, and that denial has become final, in order to file a second or successive § 2254 petition attacking the same judgment, a defendant must file a motion in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.  *See* 28 U.S.C. § 2244(b)(3)(A); *Magwood v. Patterson*, __ U.S. ___, 130 S. Ct. 2788 (2010).  Without such an authorizing order from the court of appeals, a district court lacks jurisdiction to consider a second or successive § 2254 petition.  *Tompkins*, 557 F.3d at 1259.

Although Eckles asserts defects in his 1987 conviction, it must be considered as an attack on his current sentence, which evolves from his 1991 conviction, as enhanced by the 1987 conviction.[2]

---

[2] Actually, the petition appears to allege five prior convictions —only three are required under Alabama law —so it is not clear that the 1991 conviction would be affected even if there were a successful attack on the 1987 conviction.

Eckles has, however, already filed a prior § 2254 petition in this court attacking his 1991 conviction, it was denied with prejudice, and that denial has become final. (*See* 1994 Habeas Case, Docs. 1, 9, 12, 19). That initial habeas petition was filed and denied before the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amendments to the habeas statute that included the restrictions on second or successive petitions embodied in § 2244(b)(3)(A). Nonetheless, Eckles's instant § 2254 petition constitutes a second or successive application. *See Felker v. Turpin*, 101 F.3d 657, 661 (11th Cir. 1996); *In re Medina*, 109 F.3d 1556, 1561-63 (11th Cir. 1997), *overruled on other grounds by Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998). Indeed, after his first § 2254 petition challenging the 1991 conviction was dismissed in the 1994 Habeas Case, this court dismissed for lack of jurisdiction a second § 2254 petition Eckles filed in the 2000 Habeas Case, on the ground that it constituted a second or successive application that was filed without an authorizing order from the Eleventh Circuit. (*See* 2000 Habeas Case, Docs. 1, 4, 5, 10-12). Eckles's instant § 2254 petition is an attack on his 1991 conviction, albeit based upon alleged defects in the 1987 conviction used to enhance his current sentence. He is required to show that he has obtained an authorizing order from the Eleventh Circuit before this court can have jurisdiction over this action. *See Daley v. Florida*, 2008 WL 4534122, *2 (N.D. Fla. 2008); *Brown v. Secretary, Dep't of Corr.*, 2008 WL 1776695, *2 (M.D. Fla. 2008). In other words, Eckles must show either that he has obtained such an authorizing order from the court of appeals or, alternatively, the reasons this action is not successive to the first and second 2254 petitions.

### B.     The Statute of Limitations

Assuming that Eckles is attacking his expired 1987 conviction directly and the 1994 Habeas Case does not qualify as a "first" § 2254 petition rendering the instant action a "second or

successive" petition for purposes of § 2244(b)(3)(A), this action is due to be dismissed because it is untimely.  While district courts are not obligated to do so, they are permitted to consider, *sua sponte*, the timeliness of a § 2254 petition, even after the pre-answer, initial screening stage of the proceeding, provided the petitioner is afforded fair notice and an opportunity to respond prior to dismissal on such ground. *Day v. McDonough*, 547 U.S. 198, 207-10 (2006).  A one-year period of limitation applies to the instant § 2254 habeas petition challenging his state-court conviction, commencing from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006).  Eckles's 1987 conviction and his 1991 conviction both became final before AEDPA's April 24, 1996 effective date, so the period in which to file a timely § 2254 petition attacking either conviction began to run on AEDPA's effective date and expired one year later, on April 24, 1997, absent some form of tolling. *See Ferriera v. Secretary, Dep't of Corr.*, 494 F.3d 1286,  1289 & n.1 (11th Cir. 2007); *Moore v. Campbell*, 344 F.3d 1313, 1319-20 (11th Cir. 2003).  Eckles did not file this action until August 2010, more than 13 years after the limitations period expired.

The one-year limitations period of § 2244(d)(1) is potentially subject to statutory tolling, in that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward [the limitations period.]" 28 U.S.C. § 2244(d)(2).  It appears from the petition that Eckles filed a petition in the state court under Rule 32, Ala. R. Crim. P., that unsuccessfully sought to vitiate his 1987 conviction.  While a properly filed petition under Rule 32, Ala. R. Crim. P., can operate as a tolling motion under § 2244(d)(2), *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009), where such

7

a motion is unsuccessful and was filed only after the expiration of the limitations period of §
2244(d)(1), such a filing does not reset or restart the one-year federal clock.  *Moore v. Crosby*, 321
F.3d 1377, 1381 (11th Cir. 2003).  Although Eckles does not state in his petition when he filed his
Rule 32 petition, he does state that it was denied by the circuit court on May 30, 2008.  It is virtually
impossible that the Rule 32 petition was filed before April 24, 1997.  Statutory tolling clearly does
not apply.

    The limitations period is also potentially subject to equitable tolling. *See Holland v. Florida*,
__ U.S. ___, 130 S. Ct. 2549, 2560 (2010).  The Eleventh Circuit has explained:

> Because equitable tolling is "an extraordinary remedy," it "is limited to rare and
> exceptional circumstances" and "typically applied sparingly."  *Lawrence v. Florida*,
> 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007).  Thus, we have
> concluded that equitable tolling is available only " 'when a movant untimely files
> because of extraordinary circumstances that are both beyond his control and
> unavoidable even with diligence.' "  *Id.* (quoting *Sandvik v. United States*, 177 F.3d
> 1269, 1271 (11th Cir. 1999)).  The petitioner bears the burden of showing that
> equitable tolling is warranted.  *See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286
> (11th Cir. 2002).

*Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).  However, there is simply no indication
here that any extraordinary circumstances somehow prevented Eckles from filing his instant petition
despite the exercise of due diligence.  If Eckles obtains authorization from the court of appeals to
file a second or successive habeas petition, and thereafter refiles such a petition, he may then address
why the statute of limitations does not bar his claims(s).

## III.   CONCLUSION

    For the reasons stated above, Petitioner's habeas petition is due to be dismissed without
prejudice.  The court will enter a separate order.

**DONE** and **ORDERED** this _____21st_____ day of September, 2012.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE